## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**THOMAS CRAVEN**                                    **CIVIL ACTION**

**VERSUS**                                           **NO. 22-948-SDD-SDJ**

**ALLIED TRUST INSURANCE
COMPANY**

---

### <u>NOTICE</u>

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court..

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 6, 2025.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**THOMAS CRAVEN**                              **CIVIL ACTION**

**VERSUS**                                            **NO. 22-948-SDD-SDJ**

**ALLIED TRUST INSURANCE COMPANY**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is before the Court on an Order to Show Cause (R. Doc. 36) issued on December 4, 2024. As explained below, Plaintiff failed to comply with or otherwise respond to the Court's Show Cause Order. For that reason, and because Plaintiff has failed to take any steps to prosecute this litigation in over a year, it is recommended that Plaintiff's cause of action be dismissed for failure to prosecute under Local Civil Rule 41(b), and pursuant to this Court's inherent power. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

Plaintiff Thomas Craven filed this action on December 5, 2022, seeking relief for damage allegedly incurred to his property during Hurricane Ida.[1] Following the enrollment and withdrawal of several attorneys representing Plaintiff, the Court held a telephone status conference on October 3, 2023, during which it stayed the case for 30 days, or until November 2, 2023, to allow Plaintiff time to secure new counsel.[2] When no counsel enrolled on behalf of Plaintiff, the Court set a

---

[1] R. Doc. 1 at 2-4.
[2] R. Doc. 32.

follow-up telephone status conference for April 30, 2024.[3]  Plaintiff did not show up for this conference.[4]  In its Minute Entry issued on April 30, 2024, the Court stated: "In light of Plaintiff's failure to attend and the lack of any substantive efforts to prosecute this case, the Court will consider whether to recommend dismissal of Plaintiff's case pursuant to Local Rule 41."[5]  Hearing nothing from Plaintiff following issuance of this Minute Entry, the Court, on December 4, 2024, ordered Plaintiff to "**SHOW CAUSE**, in writing, on or before **December 30, 2024**, why sanctions should not be imposed or a recommendation of dismissal be issued for his failure to prosecute."[6]  The Court further specified that "[f]ailure to timely respond could result in sanctions, including dismissal of this action, without further notice."[7]  To date, Plaintiff has not responded.

"This Court has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*."  *Scheppf v. U.S. Attorney Gen.*, No. 16-575, 2018 WL 3193857, at *2 (M.D. La. Jun. 13, 2018); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion."); *Maxey v. Citizens Nat'l Bank of Lubbock, Tex.*, 459 F.2d 56, 57 (5th Cir. 1972) (affirming *sua sponte* dismissal for failure to prosecute where plaintiff failed to respond to show cause order); *Curtis v. Quarterman*, 340 F. App'x 217, 217-18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order.  The court possesses the inherent authority to dismiss the action *sua sponte* in the absence of a motion by the defendant.") (internal citation omitted); *McCullough v. Lynaugh*, 835

---

[3] R. Doc. 33.
[4] R. Doc. 34.
[5] *Id.*
[6] R. Doc. 36 at 1.
[7] *Id.*

F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order); *Williams v. Potter*, No. 03-1409, 2006 WL 1233136, at *1 (E.D. Tex. May 5, 2006) ("Rule 41(b), Federal Rules of Civil Procedure, authorizes the court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order."). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Williams*, 2006 WL 1233136, at *1 (quoting *Link*, 370 U.S. at 629-30; *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997), *cert. denied*, 522 U.S. 875 (1997)).

Local Civil Rule 41(b) provides for dismissal "by the Court for lack of prosecution … [w]here a cause has been pending six months without proceedings being taken within such period." L.R. 41(b)(1)(C).  This provision requires that, prior to issuance of a dismissal, the plaintiff be sent notice and "allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act." L.R. 41(b)(2).  It also specifically provides that "[i]f no response is received within the allotted time, the Court may dismiss the civil action." *Id.*  Here, notice was provided via the Show Cause Order issued on December 4, 2024, and no response has been provided.

Because Plaintiff failed to attend a telephone status conference and failed to respond to the Court's Show Cause Order, he has failed to prosecute his claim.  Given this failure to comply with Court orders, the Court recommends that Plaintiff's cause of action be dismissed pursuant to Local Civil Rule 41(b), and this Court's inherent power, for failure to prosecute.[8]  *See Early on behalf of E.E. v. Comm'r of Soc. Sec.*, No. 19-461, 2020 WL 13526619, at *2 (M.D. La. Sep. 23, 2020),

---

[8] The Court notes that here, it has the authority to *sua sponte* dismiss this matter under either Fed. R. Civ. P. 41(b) or L.R. 41.  Because it previously mentioned dismissal per L.R. 41 in its Minute Entry as a sanction for failure to attend the telephone conference or otherwise make substantive efforts to prosecute the case, the Court will here recommend dismissal pursuant to L.R. 41.

*report and recommendation adopted*, 2020 WL 6938812 (M.D. La. Nov. 25, 2020) (dismissing case *sua sponte* for failure to prosecute based on plaintiff's failure to respond to a motion to dismiss, failure to appear for a hearing on the motion to dismiss, and because "[p]laintiff has not contacted the Court or filed anything into the record to explain her failure to participate in the case or to respond to Court orders").

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's cause of action be **DISMISSED** pursuant to Local Civil Rule 41(b), and this Court's inherent power, for **failure to prosecute**.

Signed in Baton Rouge, Louisiana, on January 6, 2025.


**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**